**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| Aplonda Williams, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Healthcare Services, LLC,<br><br>Defendant. | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**<br><br>Case No. 2:25-cv-01285<br><br>Judge<br><br>Magistrate Judge<br><br>Jury demand endorsed hereon. |

## INTRODUCTION

1. Plaintiff Aplonda Williams ("Plaintiff"), on behalf of herself and all similarly situated individuals, brings this Class and Collective Action against Nationwide Healthcare Services, LLC ( "Defendant" or Nationwide") to recover unpaid wages under the Fair Labor Standards Act (FLSA), the Ohio Minimum Fair Wage Standards Act (OMFWSA) (Ohio Rev. Code Ann. §§ 4111.01–.99), and the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15 stemming from Defendant's failure to pay wages due for overtime hours worked.

2. Defendant is involved in the ownership and operation of a business known as Nationwide Healthcare Services, LLC ("Nationwide").

3. Nationwide is a health care company offering individualized and comprehensive in-home health services.[1]

4. Defendant adopted employment and compensation policies that applied to all employees.

[1] https://www.nationwidehhc.com/home-health-care-about-us (last visited October 28, 2025)

5. Defendant employed Plaintiff and similarly situated individuals in roles classified under applicable wage laws as "non-exempt employees."

6. Pursuant to Defendant's compensation policies and practices, Plaintiff and other similarly situated employees were not compensated at the statutorily mandated overtime rate of one and one-half times (1.5x) their regular hourly rate for hours worked in excess of forty in a workweek. Instead, Defendant compensated non-exempt employees at their regular hourly rate for all hours worked, regardless of the amount of overtime accrued during the applicable pay period.

7. Defendant did not notify Plaintiff of the substandard overtime policy.

8. Defendant's employment policy results in the unlawful failure to pay wages due under the FLSA and OMFWSA.

9. Plaintiff brings this action on behalf of herself and similarly situated current and former employees to remedy Defendant's violations of the FLSA wage and hour provisions, 29 U.S.C. §§ 207, *et seq*.

10. Plaintiff brings this action on behalf of herself and similarly situated current and former employees in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy Defendant's violations of the OMFWSA, Ohio Rev. Code Ann. §§ 4111.01, *et seq*.

11. Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees to challenge Defendant's systematic violations of the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15, for failing to timely pay all earned wages as required by law.

12. This action seeks appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiff with minimum wage as required by the FLSA, Ohio Fair Wage Standards Law (Ohio Rev. Code Ann. § 4111.03) ("Ohio Wage and Hour Laws"),

and damages under the theory of unjust enrichment.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331, because Plaintiff's claim raises a federal question under 29 U.S.C.§ 201, *et seq.*

14. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides lawsuits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by one or more employees for and on behalf of herself or themselves and other employees similarly situated."

15. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as those claims are sufficiently related to the claims over which this Court has original jurisdiction and arise from the same case or controversy presented in this Complaint.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) because the Defendant resides in this judicial district, employs individuals within the State of Ohio, and a substantial part of the events giving rise to the claims occurred here.

17. The relevant time period is defined as the maximum statute of limitations allowable under the FLSA, Ohio Wage and Hour Law, and the theory of unjust enrichment.

## PARTIES

**Plaintiff Aplonda Williams**

18. Plaintiff Aplonda Williams is an individual residing in Columbus, Ohio.

19. At all times relevant herein, Plaintiff was a non-exempt employee of Defendant as defined in the FLSA and Ohio Rev. Code Ann. § 4111.01(B).

20. Plaintiff was employed by Nationwide Home Health Cared as a Certified Home Health Aide from September 2024 to November 2024. Defendant compensated Plaintiff at an hourly rate of $15.00 per hour.

21. As a Certified Home Health Aide, Plaintiff's primary job duties included providing clients with hands-on support with daily living and household tasks.

22. Plaintiff regularly worked an average of almost 60 hours per week during the relevant period; however, at no time did Plaintiff's compensation from Defendant reflect payment of overtime wages for hours worked in excess of forty (40) in a workweek, as required by law.

23. Plaintiff was owed an hourly rate at 1.5x her regular rate ($22.50 per hour) for hours worked in excess of 40 per work week. Defendant, however, refused to pay Plaintiff at 1.5x her regular rate and is thus liable for underpayment of overtime wages.

24. Defendant failed to compensate Plaintiff at the overtime rate mandated by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03, for hours worked in excess of forty (40) in a single workweek.

25. Plaintiff was not classified as exempt under either the FLSA or the Ohio Wage and Hour Laws.

**Defendant Nationwide Healthcare Services, LLC**

26. Nationwide has their principal place of business in Columbus, Ohio.

27. Nationwide provides continuing in-home care for patients who have been recently discharged from the hospital or for individuals with medical conditions that require them to have clinical supervision during the day.

28. Nationwide had control over Plaintiff and similarly situated employees' working conditions.

29. At all relevant times, Nationwide has determined those matters governing the essential terms and conditions of employment for the Plaintiff and similarly situated employees at

their office in Columbus, Ohio.

30. At all relevant times, Nationwide had and continues to have direct or indirect control over the terms and conditions of Plaintiff and similarly situated employees' work.

31. At all relevant times, Nationwide possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees and has exercised that authority.

32. Nationwide permits Plaintiff and similarly situated employees to work.

33. Nationwide is a domestic For-Profit Limited Liability Corporation with its principal place of business in Columbus, Ohio.

34. Nationwide has the authority to and does hire and fire employees, supervise and control work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

35. Nationwide has substantial control over Plaintiff and similarly situated employees' working conditions and over unlawful policies and practices as alleged herein.

36. Nationwide maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

37. Nationwide applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all its locations, including policies, practices, and procedures related to payment and wages.

38. Nationwide is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

## CLASS-WIDE FACTUAL ALLEGATIONS

39. During all relevant times, Defendant operated Nationwide Healthcare Services, LLC and maintained a uniform compensation scheme that failed to compensate Plaintiff and other similarly situated employees at the legally required overtime rate.

40. Plaintiff and similarly situated persons that Plaintiff seeks to represent are current and former non-exempt hourly workers who did not receive overtime while working for Defendant.

41. All non-exempt hourly workers had the same job duties – to provide hands-on in-home healthcare support to patients.

42. Plaintiff and similarly situated persons were paid at an hourly rate and worked hours in excess of 40 hours per workweek.

43. By working in excess of 40 hours per workweek, Plaintiff and similarly situated persons were entitled to received 1.5x their hourly rate for those hours under the FLSA and analogous Ohio law.

44. Despite working in excess of 40 hours per work week, Defendant failed to pay Plaintiff 1.5x their hourly rate for hours worked in excess of 40 hours per work week.

45. By failing to properly pay Plaintiff and similarly situated persons at 1.5x their hourly rate for hours worked in excess of 40 per workweek, Defendant violated the FLSA and analogous Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a collective class consisting of:

> **All current and former employees who were employed by Defendant from October 29, 2022, to the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").**

47. Plaintiff reserves the right to amend this definition, if necessary.

48. Excluded from the proposed FLSA Collective are Defendant's executives, administrative and exempt professional employees.

49. At all relevant times, Plaintiff and the members of the FLSA Collective were similarly situated, performed substantially similar job duties, operated under comparable employment requirements and pay provisions, and were uniformly subjected to Defendant's common decision, policy, plan, practice, procedure, protocol, and rule of willfully failing to compensate them for all hours worked at the statutorily required rate, including overtime compensation at one and one-half times their regular hourly rate.

50. Plaintiff and Class Members of the FLSA Collective have been similarly affected by the FLSA overtime violation of Defendant in one or more workweeks during the relevant time period.

51. Defendant's unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

52. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

53. Defendant is aware or should have been aware that federal law required them to pay employees a wage at one and one-half times their regular rate for all overtime hours worked.

54. Consistent with Defendant's policies and practices, Plaintiff and other similarly situated were not paid for all overtime compensation in the workweeks during which they worked forty (40) hours or more.

55. Defendant is aware or should have been aware that federal law prohibited them from not paying appropriate overtime wages.

56. Defendant's unlawful conduct has been widespread, repeated, and consistent.

57. The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

58. The FLSA Collective Members are readily identifiable and ascertainable.

59. For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names, addresses, email addresses, and phone numbers are readily available from Defendant's records.

60. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## RULE 23 CLASS ACTION ALLEGATIONS

61. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and a class of persons consisting of:

> **All current and former hourly employees employed by Defendant between September 2024, and the date of final judgment in this matter ("Rule 23 Class").**

62. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant's business; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

63. The number and identity of the Rule 23 Class Members are ascertainable from

Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

64. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

65. Upon information and belief, there are more than 50 Rule 23 Class Members.

66. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

67. Plaintiff and the Rule 23 Class Members were subject to the same corporate practices of the Defendant, as alleged herein, of failing to pay the appropriate wages for overtime hours worked while employed by Defendant.

68. Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with Ohio Rev. Code Ann. § 4111 *et seq.*, and the doctrine of unjust enrichment.

69. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

70. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and

damages arising from the same unlawful practices, policies, and procedures.

71. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

72. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, but treating the claims as a class action would result in significant savings of these costs. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.

74. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

75. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.

76. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendant denied Plaintiff and the Rule 23 Class of employees the appropriate overtime wages owed;

b. Whether Defendant improperly retained wages owed to the Plaintiff and the Rule 23 Class;

c. Whether Defendant's compensation policies systemically denied overtime pay beyond 40 hours to Plaintiff and Rule 23 Class;

d. Whether Defendant's policy of failing to pay overtime wages to Plaintiff and the Rule 23 Class on regular paydays was instituted willfully or with reckless disregard of the law;

e. The nature and extent of class-wide injury and the measure of damages for those injuries; and

f. Whether Plaintiff and the Rule 23 Class have conferred a benefit on Defendant, whether Defendant had knowledge of that benefit, and whether it would be unjust for Defendant to retain the benefit without restitution.

77. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective and Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## **CAUSES OF ACTION**

## **COUNT I**

**FAILURE TO PAY OVERTIME WAGES**
**(FLSA, 29 U.S.C. § 207, *et seq*.)**
**(On Behalf of Plaintiff and the FLSA Collective)**

78. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

79. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

80. Plaintiff and the members of the FLSA Collective are, or at all relevant times were, non-exempt hourly employees entitled to overtime compensation at a rate of not less than one and one-half times their regular hourly wage for all hours worked in excess of forty in a workweek.

81. Plaintiff and the FLSA Collective worked more than 40 hours in one or more workweeks during their employment with Defendant.

82. The FLSA requires an employer to pay employees for all hours worked at the federally mandated overtime rate of 1.5 times their regular rate of pay for every hour worked in excess of forty hours per workweek. 29 U.S.C. § 207.

83. Defendant did not pay Plaintiff and the FLSA Collective one and one-half times their normal hourly rate for time worked in excess of forty hours per workweek but instead paid them their usually hourly payrate regardless of how many hours they worked in violation of the FLSA.

84. By intentionally not paying Plaintiff and the FLSA Collective the proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the FLSA.

85. As a result of Defendant's unlawful policies and practices, Plaintiff and the FLSA

Collective Members were deprived of overtime wages in violation of the FLSA.

86. During the relevant period, Defendant violated, and continues to violate, Section 6 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by employing Plaintiff and members of the FLSA Collective in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, and by willfully failing to compensate such employees at a rate of one and one-half times their regular hourly wage for all hours worked in excess of forty in a workweek.

87. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq.*

88. Defendant's violations of the FLSA were knowing and willful. Defendant could have accounted for and properly compensated Plaintiff and the FLSA Collective Members but did not.

89. As a result of Defendant's willful violations, Plaintiffs are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

90. As a result of Defendant's violations, Plaintiff and the FLSA Collective are injured and entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## <u>COUNT II</u>
## FAILURE TO PAY WAGES DUE
## (Ohio Rev. Code § 4111, *et seq.* and Ohio Constitution Art. II § 34a)
## (On Behalf of Plaintiff and the Rule 23 Class)

91. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

92. At all relevant times, Defendant was subject to the mandates of the OMFWSA, Ohio Rev. Code §§ 4111, *et seq.*, and Section 34a of Article II of the Ohio Constitution.

93. During all relevant times, Defendant was an employer covered by Ohio Rev. Code § 4111.03, and Plaintiff and Class Members were employees within the meaning of the statute and were not exempt from its protections.

94. The OMFWSA provides that employees are entitled to a minimum wage, Ohio Rev. Code § 4111.02, as well as "overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek." Ohio Rev. Code § 4111.03.

95. At all relevant times, Defendant engaged in an unlawful policy and practices by failing to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

96. Defendant is required to pay each employee at or above the minimum wage rate for all hours worked and required to pay non-exempt employees overtime pay.

97. In violating Ohio law, Defendant acted willfully, without a good-faith basis, and with reckless disregard of Ohio Rev. Code § 4111.03.

98. During all or part of the relevant time period, Defendant failed to properly compensate Plaintiff and the Rule 23 Class in violation of Ohio Rev. Code § 4111.03.

99. Article II Section 34a of the Ohio Constitution and § 4111.14(A)(3) of the OMFWSA allows an employee who has not been wages for all hours worked to bring a civil action to recover "[double] back wages, damages, and the employee's costs and reasonable attorney's fees." Ohio Rev. Code § 4111.14(A)(3); Ohio Const. art. II § 34a.

100. Pursuant to Ohio Rev. Code § 4111.10(A), an employer who fails to pay its employees for all overtime wages outlined in Ohio Rev. Code § 4111.03 "is liable to the employee

affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees."

101. Defendant's policies and practices as described above was willful, intentional, unreasonable, and in bad faith.

102. As a result of Defendant's willful violation, Plaintiffs are entitled to all unpaid overtime wages, together with an additional equal amount as liquidated damages, plus costs and reasonable attorneys' fees, as provided by Ohio Rev. Code § 4111.10.

## COUNT III
## UNJUST ENRICHMENT
## (On Behalf of Plaintiff and the Rule 23 Class)

103. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

104. Plaintiff and the Rule 23 Class have conferred a benefit upon Defendant.

105. Plaintiff and the Rule 23 Class relied on Defendant's promise to pay all wages due and performed by doing their jobs and carrying out their required work duties.

106. Defendant unlawfully retained the employees' owed overtime wages for their own purposes from all times relevant to the present.

107. Defendant retained overtime wages intended for Plaintiff and the Rule 23 class and failed to pay Plaintiff and the Rule 23 Class full wages plus overtime due on the scheduled paydays.

108. Defendant also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendant's insufficient compensation policy.

109. Defendant knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendant.

110. Defendant did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

111. Accordingly, Defendant's retention of these benefits under these circumstances would be unjust.

112. As a result of Defendant having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendant.

**COUNT IV**
**VIOLATION OF OHIO PROMPT PAY ACT**
**Ohio Rev. Code § 4113.15**
**(On Behalf of Plaintiff and the Rule 23 Class)**

113. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114. During all relevant times, Defendant has been an entity covered by Ohio Rev. Code § 4113.15, and Plaintiff and the Class Members were employees within the meaning of Ohio Rev. Code § 4113.15 and were not exempt from its protections.

115. Ohio Rev. Code § 4113.15(A) requires that Defendant pay Plaintiff and the Class Members all wages, including overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

116. Defendant's failure to pay Plaintiff and Class Members all wages when due, including overtime wages, violates Ohio semimonthly payment of wage requirements, O.R.C. §4113.15(A).

117. Defendant's failure to timely pay wages deprived the Plaintiff and Class Members of the benefit of their labor. This directly contradicts the intent underlying Ohio Rev. Code § 4113.15 to ensure prompt payment of wages owed.

118. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

119. Defendant's failure to fix its pay practices despite notice constitutes willful and a reckless disregard for its statutory obligations.

120. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

121. As a result of Defendant's willful violation, Plaintiff and the Ohio Class Members are entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

**COUNT V**
**CIVIL LIABILITY FOR A CRIMINAL ACT**
**(Ohio Rev. Code. § 2307.60)**
**(On Behalf of Plaintiff and the Rule 23)**

122. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

123. At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.*, and Plaintiff and the Class have been employed by Defendant within the meaning of the FLSA.

124. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

125. Defendant's failure to compensate overtime hours worked at a rate of 1.5x the employee's wage for hours worked in excess of forty hours in one workweek was a willful

violation of the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result

126. Ohio Rev. Code § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

127. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to Ohio Rev. Code § 2307.60.

**WHEREFORE**, Plaintiff Aplonda Williams and those similarly situated individuals pray for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under Ohio Rev. Code § 4111.03;

F. An award of unpaid overtime wages and damages due under Ohio Rev. Code § 4111.10;

G. An award of unpaid wages and damages due under Ohio Rev. Code § 4113.15.

H. Any and all damages available under the Ohio Revised Code § 2307.60, including

compensatory and punitive;

I. Liquidated damages;

J. An award of the value of the benefits for which Defendant was unjustly enriched;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

M. Such other legal and equitable relief as the Court deems appropriate;

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Dated: November 5, 2025

Respectfully submitted,

*/s/ Philip J. Krzeski*

Philip J. Krzeski (OH # 0095713)
Elizabeth A. Orrick*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com
eorrick@chestnutcambronne.com

Terence R. Coates (OH # 0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

*Counsel for Plaintiff and the Putative Class*

** Pro hac vice forthcoming*